# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AARON K. (BEY) RILEY,**

      **Petitioner,**

**v.**

                                  **Criminal Action No. 3:07cv47**
                                  **(JUDGE Bailey)**

**UNITED STATES OF AMERICA, et al.,**

      **Respondents.**

## REPORT AND RECOMMENDATION
## THAT "PETITION TO TRANSFER PROPERTY" BE DENIED

### I. INTRODUCTION

On December 30, 2009, the petitioner, Aaron Riley Bey ("Bey") submitted a Petition to Transfer Property. The petition did not list a respondent, and the document was filed in the above-referenced case which was closed and transferred to the Middle District of Pennsylvania on May 29, 2007. In his petition, Bey indicates that the its purpose is to "oversee that the enclosed lien a copy now on file with the West Virginia Secretary of State UCC division, be enforced by transferring the intangible property to the secured party in good faith." Bey cites U.S.C. 11-542(c) along with the Rule 24 of the Federal Rules of Civil Procedures as forming the basis for his petition.

### II. ANALYSIS

First, the undersigned recognizes that the "petition" in this matter has been filed in a case that has been closed and transferred to another district. Accordingly, should the Court conclude that this matter should proceed, the undersigned is of the opinion that a new action should be opened, and the petitioner sent a deficiency notice for the filing fee. However, because the petition is unintelligible, the undersigned recommends that the same be dismissed as such. Moreover, to the extent that the petitioner cites the Bankruptcy Code as providing jurisdiction for his petition, the undersigned notes

that under 28 U.S.C. § 157, the Northern District of West Virginia has provided that cases arising under title 11 and any or all proceedings arising under title 11 be within the jurisdiction of the bankruptcy judge for the district. Accordingly, to the extent that the petition has any merit, it must be filed with the bankruptcy court, not with this court.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the "Petition for Transfer of Property" be **DENIED** and **DISMISSED** from the docket.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.
DATED: March 24, 2010.

       /s/ James E. Seibert
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE